UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KATHY HAYS AND DONNIE HAYS | CIVIL ACTION NO. 3:09-cv-01003 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| WAL-MART LOUISIANA LLC, WAL-MART STORES, INC., AND WAL-MART STORES EAST, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Defendants, Wal-Mart Louisiana LLC, Wal-Mart Store, Inc., and Wal-Mart Stores East, Inc. (collectively hereinafter "Wal-Mart"), seek Summary Judgment [Record Document 15] dismissing Plaintiffs', Kathy Hays and Donnie Hays's, negligence claim. Plaintiff Kathy Hays, a store patron, seeks damages for personal injuries sustained when after reaching for a bag of cookies on a shelf, she tripped over a box left in a store aisle as she turned back towards her shopping cart. Donnie Hays claims loss of consortium arising out of his wife's personal injuries.  Wal-Mart argues that, because the potential danger posed by the box upon which Ms. Hays tripped was "open and obvious to all," as a matter of law the box did not pose an "unreasonable risk of harm" under Louisiana Revised Statute 9:2800.6.

The plaintiffs' claims for personal injuries arise out of Louisiana Revised Statute 9:2800.6.  That statute provides the specific duty for merchants in "trip and fall" cases. First, this provision defines the duty a merchant owes to its customers, that is, the duty to exercise reasonable care.  The statute provides specifically that a merchant owes a

duty to any person using the merchant's premises "to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. Rev. Stat. 9:2800.6(A).  Second, this provision states three things that a claimant must show to succeed against a merchant on a "slip and fall" or "trip and fall" claim.  The plaintiff bears the burden of proving, in addition to all other elements of a negligence cause of action, that:

1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

3. The merchant failed to exercise reasonable care.

La. Rev. Stat. 9:2800.6(B).

The question of whether the box in the store aisle presented an unreasonable risk of harm is not a question of what duty is owed by Wal-Mart, but instead a question of whether the statutory duty owed by Wal-Mart was breached.  See Bursztajn v. United States, 367 F.3d 485, 489 (5th Cir. 2004); Pitre v. Louisiana Tech Univ., 95-1466 (La. 05/10/96), 673 So. 2d at 596 (Lemmon, J., and Kimball, J., concurring).

Generally federal and Louisiana state courts have held that a potentially dangerous condition does not present an unreasonable risk of harm where that condition is open and obvious to all.  E.g., Taylor v. Wal-Mart Stores, Inc., 2006 WL 1476031, *2 (W.D. La. May 23, 2006) (citing Pitre v. La. Tech. Univ., 95-1466 (La. 5/10/96); 673 So. 2d 585) ("A potentially dangerous condition that is open and should be obvious to all is not unreasonably dangerous."); Jennings v. Ryan's Family Steak

Houses, E., Inc., 2005 WL 2180487, *3 (W.D. La. Sept. 9, 2005) (citing Durman v. Billings, 38,514 (La. App. 2 Cir. 5/12/04); 873 So. 2d 872) ("If the risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable."). Thus, the issue in this case is whether or not the box constituted an unreasonable risk of harm to the plaintiff, or was the box "open and obvious" and thus not unreasonably dangerous.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). All factual controversies must be resolved in favor of the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005). However, summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552. If the motion is properly made, the nonmovant must go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

In the instant case, there is no dispute that the box over which Plaintiff tripped was plainly visible. Furthermore, Plaintiff admitted seeing this box. Ms. Hays stated in her deposition that, when she turned into the aisle, she saw boxes with "no organization to them at all . . . here, there and everywhere." (Hays Depo. p. 43, lines

7-8). She saw boxes, stacked nearly the length of the aisle, blocking off alternating sides of the aisle. (Hays Depo. p. 43, lines 15-21). Ms. Hays stated in her deposition that, as she approached the box, she noticed the box in the aisle. The box was on the same side of the aisle as the cookies. (Hays Depo. p. 46, lines 7-14). Ms. Hays considered reaching over the box to grab the cookies from the shelf, realized she could not reach over the box, and then decided to go around the box. (Hays Depo. p. 45, lines 9-11, p. 49, lines 1-4).

Moreover, the plaintiff admitted that she did not momentarily forget about the box when she reached for the bag of cookies and turned back towards her cart. (Hays Depo. p. 50, lines 10-13). Ms. Hays "just assumed there was enough room to turn around." (Id.) Ms. Hays's deposition testimony shows that she was aware of the box as she turned and tripped:

> Q: Had you forgotten it [the box] was there or - I mean what was going on in your mind at that point?
> A: No sir, I don't believe I forgot it was there, I just - I just assumed there was enough room to turn around and I walked in there and then I was just going to turn around and go back to the buggy. I don't know.
> ...
> Q. Had you forgotten the box was there?
> A. I don't think so, no, sir.
> Q. Okay
> A. I just assumed that I had enough room to turn and walk out.

(Hays Depo. p. 50). The deposition testimony clearly demonstrates that, as she turned around, she tripped over the box that she knew was there.

Both the Louisiana courts and the federal courts of the Western District of Louisiana have held specifically that a pallet which was clearly visible to the plaintiff is open and obvious does not inherently impose an unreasonable risk of harm. Taylor v.

Wal-Mart Stores, Inc., 2006 WL 1476031 (W.D. La. May 23, 2006) (holding that a "pallet left in the middle of the floor/aisle" was open and obvious and thus not an unreasonable risk of harm); Reed v. Home Depot, Inc., 843 So.2d 588 (La. App. 2nd Cir. 4/9/03) (citing Butler v. Doug's IGA, 34,232 (La. App. 2nd Cir. 12/6/00), 774 So.2d 1067) ("A pallet does not inherently pose an unreasonable risk of harm."). This Court finds no reason to distinguish an open and obvious box from an open and obvious pallet. Both are normal conditions that "any customer would reasonably expect to encounter" on a merchant's premises. Taylor, 2006 WL 1476031, at *2.

Construing the facts in the light most favorable to the plaintiff, it is evident that the box was -open and obvious, and thus the Plaintiffs have failed to show an essential element of their claim, that the box presented an unreasonable risk of harm.

Accordingly, for the reasons cited above, the Motion for Summary Judgment is **GRANTED** and plaintiffs' claim is dismissed, with prejudice.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE